This is an appeal from a judgment against defendant in an action upon a promissory note.
The defendant was a patient at Southeast Alabama Medical Center (hospital). Upon discharge on December 19, 1977, she signed a promissory note in the amount of $1,758, which she owed the hospital on open account. The note did not provide for interest on the principal amount from date. It did, however, provide that upon default the defendant waived all rights of exemption as to personal property, agreed to pay the costs of collection, including a reasonable attorney's fee and agreed to pay interest at the rate of eight percent per annum on the unpaid balance from the date of default. The note became due on January 19, 1978, but was not paid. Subsequently, the hospital filed suit upon the note in Houston County District Court and was awarded a judgment for $2,344 plus costs. Defendant appealed to Houston County Circuit Court and the matter was tried de novo to the trial judge. The trial court rendered a judgment for the hospital in the amount of $2,280.64. It is from that judgment that defendant appeals.
The issue presented by defendant at trial was whether the hospital is a "creditor" subject to the Alabama Consumer Credit Code (Mini-Code), and that because of its failure to comply with certain provisions of the Mini-Code, this action to collect on the *Page 70 
note should be abated pursuant to § 5-19-11, Code of Alabama (1975). The trial court held that plaintiff was not a creditor as defined by the Code. The same issue is now before us on appeal. There have been no previous decisions upon this question in Alabama. We have found no dispositive authority in any other jurisdiction.
The applicability of the Mini-Code to a particular institution or transaction must be determined by considering the definitions found in § 5-19-1, Code of Alabama (1975). "Creditor" is defined in § 5-19-1 (3) as follows:
 (3) CREDITOR. Such term refers only to creditors who regularly extend or arrange for the extension of credit for which the payment of a finance charge is required, whether in connection with loans, sales of property or services or otherwise. The provisions of this chapter apply to any such creditor irrespective of his or its status as a natural person or any type of organization.
The hospital has not favored us with a brief. However, it appears that the course followed with defendant is a common one. If a patient is unable to pay his account in full upon discharge, he is requested to sign a note for the unpaid balance of the account. The note by its terms matures at a future time. If not paid at maturity, the note provides for payment of eight percent interest upon the unpaid balance from date of maturity. It also provides for waiver of exemptions of personal property with payment of costs of collection including a reasonable attorney fee. The extension of time for payment of the account upon signing of the note can only be classified as the extension of credit by the hospital. There was no denial that such credit transactions regularly occurred between the hospital and its patients. Thus, it is to be seen that plaintiff "regularly extends credit" within the definition of the "creditor." If plaintiff "regularly extends credit for which the payment of a finance charge is required," it satisfies the full definition of "creditor."
Section 5-19-1 (1) defines "Finance Charge" as "[A]ll charges payable directly or indirectly by the debtor and imposed directly or indirectly by the creditor as an incident to the extension of credit, including interest, time price differential, points or discount paid directly by the debtor, service, carrying or other charge however denominated, loan fee credit or investigation fee, . . ."
We have said that the note herein did not carry interest until after maturity and default. We consider such interest not to be a charge for the extension of time for payment, but a charge in event of default in payment. The same is true for the charge of a reasonable attorney fee and costs provided in the note. These are charges for default and expense of collection and are not imposed as a charge for the extension of credit. The unquoted portion of § 5-19-1 (1) provides that default or deferral charges, attorney fees and court costs are not included as finance charges.
Defendant contends that as the Code provides a limitation upon the amount of default or deferral charges and upon an attorney fee, any charge exceeding the limits provided for each removes their exclusion from the definition and makes them finance charges, thus causing the plaintiff to become a "creditor" requiring "finance charges" and subject to the Mini-Code. We cannot accept that contention. One cannot be brought under the restrictive provisions of the Consumer Finance Code by such strained construction of its provisions. To do so would cause a creditor not otherwise subject to the Code to be brought under it merely by exceeding the permissible limits of deferral or default charges allowed those who are otherwise subject to the Code.
Though plaintiff hospital does forbear demand for immediate payment of some patient's account upon discharge and permit an extended time for such payment, there is no charge incident to such forbearance. There is only a charge because of default in the payment at the end of the extended time. *Page 71 
The hospital is not in the business of extending credit and making a profit therefrom. It is in the business of delivering health care services to patients and securing payment therefor, upon discharge if possible. Its instances of extension of credit are obviously not of choice nor its chosen way of doing business but merely the most reasonable manner of attempting to assure payment at some later time without unacceptable loss through loss of use of the money and cost of collection. We do not consider it was the intention of the legislature that a hospital operating as plaintiff come within the provisions of the Consumer Credit Act and be made subject to licensing and supervision of the superintendent of banks of the State Banking Department. Section 5-19-22.
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.